# Ex parte WOODS.

No. A-11986. Dec. 16, 1953.

(264 P. 2d 1003.)

Wilbur Woods, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, J. This is an original action in habeas corpus wherein the petitioner, Wilbur Woods, seeks to secure his release from confinement in the penitentiary.

The verified petition alleges that petitioner was sentencd to serve a two year sentence in the penitentiary upon an alleged plea of guilty to the crime of

arson in the district court of Sequoyah county on July 13, 1953. That he did not plead guilty to said crime, but that upon arraignment the court asked him his plea and he said not guilty. The court thereupon entered a plea of guilty on behalf of the petitioner, and when petitioner told the court he had not pleaded guilty, the court refused to allow him to withdraw the alleged plea of guilty and enter a plea of not guilty, and sentenced him to serve a term of two years in the penitentiary, where he has been confined since the day of his sentence.

A hearing was had on said petition and the evidence of the district judge, county attorney, and sheriff wholly contradicted that of the petitioner. From their testimony, it would appear that the defendant was fully advised of all of his rights, including his right to counsel, and was advised the court would appoint counsel for him if he did not have finances to employ counsel. That petitioner told the court that he did not desire counsel and entered a plea of guilty. The evidence of the sheriff and county attorney was substantially to the effect that a preliminary hearing was granted the petitioner and the evidence fully disclosed that petitioner was guilty of committing the crime of arson in that he burned a house occupied by his ex-wife at Moffett, Oklahoma, on June 18, 1953. That after the preliminary hearing was held, the petitioner asked to consult with the county attorney, and during the talk with the county attorney sought the best terms available if he would enter a plea of guilty. The county attorney agreed to recommend a sentence of two years and thereupon the petitioner, upon arraignment in the district court, did enter his plea of guilty, the county attorney made his recommendation of a two year sentence, and the district court followed the recommendation of the county attorney in sentencing the accused.

The proceedings appear to be regular on their face, and under such a state of record, of course, the writ of habeas corpus must be denied, as there is nothing which would justify us in holding that the district court was without jurisdiction to sentence the accused. Habeas corpus may not be submitted for an appeal.

If the accused sees fit to do so, he may still appeal to this court from the conviction, but in order to have the facts before us on the appeal he would have to file a motion to set aside the judgment in the district court of Sequoyah county and introduce his evidence in support of such motion. The last day for filing his appeal in this court from the judgment of conviction would be six months after the judgment was rendered on July 13, 1953.

The writ of habeas corpus is denied.

POWELL, P. J., and BRETT, J., concur.